JAMES A. CHASE *et al.*

*v.*

DAVID STEPHENSON *et al*

1. PUBLIC SCHOOLS. The free schools of the State are public institutions, and in their management and control the law contemplates that they should be so managed that all children within the district, between the ages of six and twenty-one years, regardless of race or color, shall have equal and the same right to participate in the benefits to be derived therefrom.

2. SAME—*powers of directors in the management and control.* While the directors very properly have large and discretionary powers in regard to the management and control of schools, in order to increase their usefulness, they have no power to make class distinctions, nor can they discriminate between scholars on account of their color, race, or social position.

3. SAME—*colored children.* The directors have no power to keep and maintain a separate school solely to instruct three or four colored children of the district, when they can be accommodated at the school house with the other scholars of the district.

4. And if the directors attempt to do so, any tax-payer of the district has a right to interfere to prevent the public funds from being used in such unauthorized manner.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. GAPEN & EWING, for the appellants.

Messrs. ROWELL & HAMILTON, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in chancery, filed by appellees against appellants, in the circuit court of McLean county.

The cause was heard upon bill, answer and exhibits, and a decree rendered that appellants, directors of a certain school district, be perpetually enjoined from occupying or using the building named in the bill for the purpose of carrying on a

school for colored children, exclusively, at the expense of the district.

The bill was originally filed for the purpose of restraining appellants from erecting a school house, twelve feet wide and fourteen feet long, for the exclusive purpose of educating four colored children in the district. Before the injunction was served, the building was completed. Appellees then filed a supplemental bill, in which they charged, that, after the completion of the building, appellants employed a teacher, and have kept a school in the building for no other purpose than to teach two colored children in the district; that appellants have given the teacher a warrant on the township treasurer, to pay for her services out of the school funds.

It is further alleged, that appellants will, unless enjoined, continue to occupy the building erected as a school house at the public expense, for no other purpose than to educate two colored children separate from the other children in the district.

It is further alleged, that there is ample room in the school house which was erected three years before, on the same lot, to accommodate all the children in the district.

Several questions of minor importance have been raised by appellants, which it is unnecessary to consider.

The point in the bill in this case is, that appellants, in order to keep some four colored children from attending the same school in the district that is provided for others, erected a small house on the same lot where the other school house stands, and, at the expense of the tax-payers, propose to employ an additional teacher to instruct the colored children, in this small building, separate and apart from the other children in the district; and these facts are substantially admitted by the answer.

The bill is filed by four tax-payers of the district, to prevent the directors from a misappropriation of the public funds, in which, in common with the public, they have a direct interest.

It is insisted by appellants, that the provision of the statute that declares that the directors shall establish and keep in operation for at least six months in each year, and longer, if practicable, a sufficient number of schools for the proper accommodation of all the children in the district over the age of six and under twenty-one years, and that they may adopt and enforce all necessary rules and regulations for the management and government of the schools, gives them the power and fully sustains their action in this case.

The free schools of the State are public institutions, and in their management and control the law contemplates that they should be so managed that all children within the district, between the ages of six and twenty-one years, regardless of race or color, shall have equal and the same right to participate in the benefits to be derived therefrom.

While the directors, very properly, have large and discretionary powers in regard to the management and control of schools, in order to increase their usefulness, they have no power to make class distinctions, neither can they discriminate between scholars on account of their color, race or social position.

If the school house was too small to accommodate all the scholars in the district, it would have been eminently proper for the directors to have enlarged the building. But this they did not see proper to do; and it is apparent, from the record, that the erection of the small house on the same lot where the school house stood was not on account of the incapacity of the school house to accommodate all the scholars in the district, but the sole and only object seems to have been to exclude the colored children in the district from participating in the benefits the other children received from the free schools.

Had the district contained colored children sufficient for one school, and white children for another, and had the directors, in good faith, provided a separate room for each, where the facilities for instruction were entirely equal, that

25—71st ILL.

would have presented a question not raised by this record, and upon which we express no opinion.

But the conduct of the directors in this case, in the attempt to keep and maintain a school solely to instruct three or four colored children of the district, when they can be accommodated at the school house with the other scholars of the district, can only be regarded as a fraud upon the tax-payers of the district, any one of whom has a right to ·interfere to prevent the public funds from being squandered in such a reckless, unauthorized manner.

As we view the case, we perceive no error in the decree of the circuit court. It will therefore be affirmed.

*Decree affirmed.*

Mr. JUSTICE WALKER : In providing facilities for the education of the children of the district, the directors have a large discretion in selecting the means to accomplish the end, and in this case I regard their action within that discretion, so they furnished equal facilities to all the children. Nor do I think the action of the directors amounted to such an abuse of power as called for the interposition of a court of equity, and that the decree of the court below should be reversed.